UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――

DARLENE WALLACE, *individually and on behalf of others similarly situated*,

                                  Plaintiff,

                -v-

WISE FOODS, INC.,

                                Defendant.

20-CV-6831 (JPO)

OPINION AND ORDER

―――――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

Plaintiff Darlene Wallace, a Bronx resident, brings suit against a potato chip manufacturer, Defendant Wise Foods, Inc. ("Wise"), on behalf of herself and a putative class of other plaintiffs who purchased Wise's "Cheddar & Sour Cream Flavored" chips. In chief, Wallace claims that Wise violated §§ 349 and 350 of New York's General Business Law ("GBL") by not labeling the chips as "artificially flavored." Additionally, Wallace brings state breach of warranty, negligent misrepresentation, fraud, and unjust enrichment claims.

Wise now moves to dismiss Wallace's case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is granted.

**I.    Background**

The following facts, drawn from Wallace's complaint, are presumed true for the purposes of this motion. (*See* Dkt. No. 16 ("FAC").)

In August 2020, Wallace purchased bags of Wise chips labeled "Cheddar & Sour Cream Flavored." (FAC ¶ 62.) When deciding which chips to buy, and how much to pay for them, Wallace considered whether a given product contained artificial diacetyl, a compound that mimics or bolsters the "characteristic" buttery aroma of sour cream. (FAC ¶¶ 16, 60.) Wallace and other consumers avoid artificial diacetyl due to the flavoring's potential health risks. (FAC

¶¶ 36, 37.)  Because the Wise chips were not labeled as artificially flavored, Wallace assumed that the chips did not contain artificial diacetyl.  (FAC ¶ 27.)  Wallace was thus willing to pay, and did pay, a "premium price" for the Wise chips.  (FAC ¶ 46.)

After purchasing the Wise chips, Wallace came to believe that they contained artificial diacetyl.  (FAC ¶ 28.)  On August 24, 2020, Wallace brought this case, complaining about the undisclosed presence of artificial flavorings in the Wise chips.  (Dkt. No. 1.)  On March 18, 2021, Wallace filed an amended complaint to clarify that the offending ingredient was artificial diacetyl.[1]  (FAC.)  Wise then moved to dismiss the amended complaint pursuant to Rule 12(b)(6).[2]  (Dkt. No. 17.)

**II.     Legal Standard**

A plaintiff facing a motion to dismiss under Rule 12(b)(6) must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint need not contain "detailed factual allegations," but it must offer something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  In resolving a motion to dismiss, a court "must accept as true all well-pled factual allegations in the complaint and draw all reasonable

---

[1] In amending her complaint, Wallace mooted Wise's January 15, 2021 motion to dismiss her original complaint.  (Dkt. No. 7.)  The January 15, 2021 motion to dismiss is denied accordingly.

[2] Wise also moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss Wallace's claims insofar as they seek injunctive relief.  Wise challenges Wallace's standing to pursue this form of relief.  Following the Second Circuit's approach in *Axon v. Florida's Natural Growers, Inc.*, the Court does not reach Wise's jurisdictional argument:  Because Wallace has standing to seek damages, and the Court concludes that her claims fail as a matter of law, the Court need not determine whether she has standing to seek injunctive relief on the same claims.  813 F. App'x 701, 703 n.1 (2d Cir. 2020).

inferences in the plaintiff's favor." *Doe v. Indyke*, 457 F. Supp. 3d 278, 282(S.D.N.Y. 2020) (citing *Steginsky v. Xcelera Inc*., 741 F.3d 365, 368 (2d Cir. 2014)). Nevertheless, complaints "must be supported by factual allegations" and courts may identify pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

## III. Discussion

### A. Wallace's GBL Claims

Sections 349 and 350 of the GBL prohibit deceptive business practices and false advertising. To state a claim under either § 349 or § 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). Wise does not contest that its conduct was consumer-oriented or that Wallace alleges an injury. Instead, Wise disputes whether its packaging, which stated that its chips were "Cheddar & Sour Cream Flavored," was materially misleading.

In order to determine whether packaging is materially misleading, the operative question is whether a "significant portion of the general consuming public or of targeted consumers, acting reasonably under the circumstances, could be misled." *Jessani v. Monini N. Am. Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) (quotation marks and citation omitted); *see also Barton v. Pret A Manger (USA) Ltd.*, _ F. Supp. 3d _, 2021 WL 1664319 (S.D.N.Y. 2021) ("[P]laintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers." (quotation marks and citation omitted)). This analysis focuses on the precise representations made on the packaging. *See, e.g., Axon*, 813 F. App'x at 705 (distinguishing between a representation that a product is "natural" and a representation that a product is "pure").

3

It also revolves around the context in which those representations were made, including "the presence of a disclaimer or similar clarifying language." *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) (per curiam).  In certain cases, whether a product's packaging is materially misleading can be determined as a matter of law.  *Id*. at 741.

      Wise's packaging would not mislead a reasonable consumer.  The Wise chips in question are labeled as "Cheddar & Sour Cream Flavored."  By all indications, the chips do taste like cheddar and sour cream.  Nothing in the label states or implies that the chips' flavor is derived entirely from cheddar and sour cream.  *See Pichardo v. Only What You Need, Inc.*, No. 20 Civ. 493, 2020 WL 6323775, at *5 (S.D.N.Y. Oct. 27, 2020) (ruling that "Smooth Vanilla" does not imply that vanilla extract is the exclusive flavoring ingredient).  Nor does the label indicate that the chips are flavored only with natural ingredients.  *See Barreto v. Westbrae Nat., Inc.*, _ F. Supp. 3d _, 2021 WL 76331, at *3 (S.D.N.Y. 2021) ("There is no claim anywhere on the packaging that natural vanilla is the predominant source of the vanilla flavor.").  A reasonable consumer would not make broad assumptions about the chips' ingredients based on the representation that they are cheddar and sour cream *flavored*.  *Compare Dashnau v. Unilever Mfg. (US), Inc.*, _ F. Supp. 3d _, 2021 WL 1163716, at *6 (S.D.N.Y. 2021) ("In the context of the particular label in this case, the Court concludes that the words 'Vanilla Bean Ice Cream' make a representation about the Product's *flavor*, rather than a specific claim about the Product's *ingredients*." (emphasis in original)), *with Campbell v. Whole Foods Mkt. Grp., Inc.*, _ F. Supp. 3d _, 2021 WL 355405, at *6–8 (S.D.N.Y. Feb. 2, 2021) (denying a motion to dismiss in a case about "Honey Graham Crackers" because the packaging could be understood to advertise honey and graham flour as ingredients, not just flavors).

Furthermore, to the extent that the packaging's reference to cheddar and sour cream "may create confusion" as to whether the chips contain flavoring agents other than cheddar and sour cream, "such confusion is sufficiently dispelled by the ingredients label on the back of the package." *Reyes v. Crystal Farms Refrigerated Distrib. Co.*, No. 18 Civ. 2250, 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019).  The ingredients label, which is consistent with Wise's representations on the front of its packaging, explains that the chips contain cheddar cheese and sour cream while informing that they contain lesser amounts of artificial flavoring.  (FAC ¶ 30.) Wallace has no argument that the ingredients label "contradict[s], rather than confirm[s], . . . representations on the front of the box." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018).

Finally, Wallace cannot assert a GBL claim based on a violation of 21 C.F.R. § 101.22(i)(2), a Food and Drug Administration ("FDA") regulation that requires certain disclosures whenever a food "contains any artificial flavor which simulates, resembles or reinforces the characterizing flavor."  The statute does not create a private right of action to enforce § 101.22(i)(2).  *See* 21 U.S.C. § 337(a).  Moreover, packaging is not rendered materially misleading, and actionable under GBL §§ 349 and 350, by virtue of its noncompliance with FDA regulations.  It is well established that "acts cannot be re-characterized as 'deceptive' simply on the grounds that they violate another statute [or regulation] which does not allow for private enforcement." *Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 127 (2d Cir. 2017); *see also Barreto*, 2021 WL 76331, at *6 (collecting cases).

The packaging of the chips at issue would not mislead a reasonable consumer. Wallace's GBL §§ 349 and 350 claims are dismissed accordingly.[3]

### B.   Wallace's Other Claims

In addition to her claims under GBL §§ 349 and 350, Wallace brings state claims for breach of warranty, negligent misrepresentation, fraud, and unjust enrichment.[4] Wallace's other claims are also premised on the false or misleading nature of Wise's labeling. *See Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014) (breach of express warranty claims require a material statement, amounting to a warranty, that was false or misleading when made); *Barreto*, 2021 WL 76331, at *7 (breach of implied warranty claims, in the context of food, require plaintiffs to demonstrate that the food "was unfit for the ordinary purpose of such goods, namely, human consumption," or that "the product does not conform to any promises or affirmations of fact made on the label"); *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011) (negligent misrepresentation claims require reasonable reliance on "incorrect" information); *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 827 (2016) (fraud requires "a misrepresentation or a material omission of fact which was false" (quotation marks and citation omitted)); FAC ¶ 102 (bringing unjust enrichment claim "because the Products were not as represented and expected"). Because the Court has already determined

---

[3] In dismissing Wallace's GBL §§ 349 and 350 claims, the Court need not and does not reach Wise's argument that these claims are explicitly preempted by federal law.

[4] Wallace also asserted a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312, but did not address this claim in her opposition papers. The Court deems the claim abandoned. *See Felix v. City of New York*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (quotation marks and citation omitted)).

that the chips' labeling is unlikely to deceive or mislead a reasonable consumer, these causes of actions are also dismissed for the reasons already stated.

### IV. Conclusion

For the foregoing reasons, Wise's motion dismiss is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 17 and to close this case.

SO ORDERED.

Dated: July 26, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge